## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FREEDOM WATCH**
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006

                                          **Plaintiff,**

            v.

**CENTRAL INTELLIGENCE AGENCY**
Washington, D.C. 20505

                                          **Defendant.**

---

### COMPLAINT

Plaintiff Freedom Watch brings this action against the Central Intelligence Agency to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows.

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1331.  Venue is proper in this district pursuant to 28 U.S.C. §1391(e).

### PARTIES

2.      Plaintiff Freedom Watch is a non-profit, public interest foundation organized under the laws of the District of Columbia and having its principal place of business at 2020 Pennsylvania Ave., NW Suite 345, Washington, DC, 20006.  Plaintiff seeks to promote openness within the federal government and their actions.

3.       Defendant is an agency of the United States Government. Defendant has possession,

custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

4.       On or about July 31, 2013 Plaintiff sent a FOIA request, via facsimile and the mail, to

Defendant seeking records about leaked information as set forth below and attached as

Exhibit 1.  Specifically, Plaintiff sought:

"...all correspondence, memoranda, documents, reports, records, statements, audits, lists
of names, applications, diskettes, letters, expense logs and receipts, calendar or diary
logs, facsimile logs, telephone records call sheets, tape recordings, video/movie
recordings, notes, examinations, opinions, folders, files, books, manuals, pamphlets,
forms, drawings, charts, photographs, electronic mail, and other documents and things
(hereinafter, "information") that refer or relate to the following in any way, within ten
(10) business days as set forth below:

a.       Any and all communications with the Douglas County, Colorado District
         Attorney's Office that refer or relate in any way to Mr. Davis and/or Mr.
         Maes;

b.       Any and all information that refers or relates to any and all
         communications with the Douglas County, Colorado District Attorney's
         Office regarding Mr. Davis and/or Mr. Maes;

c.       Any and all information that refers or relates to any communications with
         the Douglas County, Colorado District Attorney's Office regarding any
         lawsuits between Mr. Davis and Mr. Maes and/or any other litigation
         involving Mr. Davis and/or Mr. Maes;

d.       Any and all information that refers or relates in any way to information
         released to and/or made available to the Douglas County, Colorado
         District Attorney's Office;

e.       Any and all information that refers or relates to government agencies
         deciding to investigate Mr. Davis, including, but not limited to, any
         investigations of Mr. Davis conducted in his capacity as an agent for the
         CIA;

    f.     Any and all communications with the civil court and/or the judge in the civil matter regarding Mr. Maes and/or Mr. Davis in a case styled Jeffrey Maes, et al. v. Raymond Allen Davis (Case Number 2011CV2953).

Exhibit 1.

5.    Plaintiff requested a fee waiver and expedited processing in accordance with the procedures set forth under the regulations of the Defendant.

6.    On December 23, 2013 Plaintiff received a letter through the mail from Defendant stating they could "neither confirm nor deny the existence or nonexistence of requested records is currently and properly classified and is intelligence sources and methods information that is protected from disclosure by section 6 of the CIA Act of 1949, as amended and section 102A(i)(1) of the National Security Act of 1947, as amended." Exhibit 2.

7.    On February 6, 2014 Plaintiff appealed the decision of the Defendant.  Exhibit 3.

8.    Defendant has failed to respond to Plaintiff's appeal and no documents have been produced to date.

9.    Pursuant to 5 U.S.C. § 552 (a)(6)(A) Defendant was required and failed to respond timely to Plaintiff's FOIA request by providing all responsive documents.

10.    As of the date of this Complaint, Defendant has failed to produce any records responsive to the request or demonstrative that the responsive records are exempt from production. Nor has it indicated whether or when any responsive records will be produced, nor has a fee waiver been granted.  In sum, Defendant has failed to respond to the requests in any substantive manner.

## COUNT 1
### (Violation of FOIA, 5 U.S.C § 552, et. seq.)

11.     Plaintiff realleges paragraphs1 through 10 as if fully stated herein.

12.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C.

        § 552, et. seq.

13.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of

        requested records, and Plaintiff will continue to be irreparably harmed unless Defendant

        is compelled to conform to the requirements of this law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) Order Defendant to conduct

expedited searches for any and all responsive records to Plaintiff's FOIA request and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive

to Plaintiff's FOIA request; (2) order Defendant to expeditiously produce, by a date certain, any

and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any

responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to

withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant

Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action

pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff any other relief as the Court deems

just or proper.

Dated: March 21, 2014

                              Respectfully Submitted,


                              Larry Klayman, Esq.
                              D.C. Bar No. 334581

4

Chairman & Chief Counsel
Freedom Watch
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

# Exhibit 1

# Klayman Law Firm

2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811 ⊗   Telephone: (310) 595-0800 ⊗   leklayman@gmail.com

Via Mail and Fax

July 31, 2013

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

**Re: Freedom of Information Act Request**

Dear Sir/Madam:

On at least one occasion, the Douglas County, Colorado District Attorney's Office ("D.A.'s Office") contacted and communicated with the Central Intelligence Office ("CIA"), seeking information regarding Raymond Allen Davis a former and/or current CIA agent who was recently convicted of assaulting an individual, Jeffrey Maes. These communications between the D.A.'s Office and the CIA pertained to the release of information concerning Mr. Davis, including, but not limited to, information regarding and/or relating to Mr. Davis' background, involvement in the CIA, as well as investigations conducted by the CIA of Mr. Davis. This released information is thus no longer classified and is no longer exempt from being released pursuant to the Freedom of Information Act. 5 U.S.C. § 552 et seq.

Pursuant to the Freedom of Information Act (5 U.S.C. §552 et seq.), our office requests that that the Central Intelligence Agency produce all correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone records call sheets, tape recordings, video/movie recordings, notes, examinations, opinions, folders, files, books, manuals, pamphlets, forms, drawings, charts, photographs, electronic mail, and other documents and things (hereinafter, "information") that refer or relate to the following in any way, within ten (10) business days as set forth below:

1) Any and all communications with the Douglas County, Colorado District Attorney's Office that refer or relate in any way to Mr. Davis and/or Mr. Maes;

2) Any and all information that refers or relates to any and all communications with the Douglas County, Colorado District Attorney's Office regarding Mr. Davis and/or Mr. Maes;

3) Any and all information that refers or relates to any communications with the Douglas County, Colorado District Attorney's Office regarding any lawsuits between Mr. Davis and Mr. Maes and/or any other litigation involving Mr. Davis and/or Mr. Maes;

4) Any and all information that refers or relates in any way to information released to and/or made available to the Douglas County, Colorado District Attorney's Office;

5) Any and all information that refers or relates to government agencies deciding to investigate Mr. Davis, including, but not limited to, any investigations of Mr. Davis conducted in his capacity as an agent for the CIA.

6) Any and all communications with the civil court and/or the judge in the civil matter regarding Mr. Maes and/or Mr. Davis in a case styled Jeffrey Maes, et al. v. Raymond Allen Davis (Case Number 2011CV2953).

If any responsive record or portion thereof is claimed to be exempt from production under FOIA, sufficient identifying information (with respect to each allegedly exempt record or portion thereof) must be provided to allow the assessment of the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert denied*, 415 U.S. 977 (1974). Additionally, pursuant to law, any reasonably segregable portion of a responsive record must be provided after redaction of any allegedly exempt material. 5 U.S.C. §552(b).

Furthermore, I am requesting expedited handling as provided in 32 C.F.R. 1900.3 because there is an urgency to obtain the requested information, particularly as there is currently a pending legal action between Mr. Davis and Mr. Maes arising from Mr. Davis' assault of Mr. Maes, which integrally involves consideration of Mr. Davis' background and involvement in the CIA and Mr. Davis' prior acts of violence. Thus, there is an immediate need for the request information. Disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, particularly the CIA, and is not primarily in my commercial interest.

Moreover. the information requested concerns the violent actions of a CIA agent, Mr. Davis, towards an individual citizen, Mr. Maes, who is represented by my firm. Additionally, the circumstances surrounding Mr. Davis' violent conduct towards Mr. Maes, and the D.A.'s Office's efforts to obtain information regarding Mr. Davis from the CIA raises serious issues concerning Mr. Davis' violent nature, clearly necessitating consideration of Mr. Davis'

Central Intelligence Agency
FOIA Request
Page 3

background and of any investigations conducted by the CIA regarding Mr. Davis. Given Mr. Davis' position as a CIA agent as well a member of the public, information regarding his background, involvement in the CIA, propensity for violence, in addition to any investigations conducted by the CIA, is a matter of public interest, and clearly affects the safety of the public

I look forward to receiving the requested documents within ten (10) business days. You may have them delivered to the above address.

Sincerely,

Larry Klayman, Esq.
2020 Pennsylvania Ave, N.W., Suite 345
Washington, D.C. 20006
leklayman@gmail.com

3

# Exhibit 2

Central Intelligence Agency



Washington, D.C. 20505

23 December 2013

Larry Klayman, Esq.
2020 Pennsylvania Ave, NW
Suite 345
Washington, DC  20006

Reference:  F-2013-02319

Dear Mr. Klayman:

This is a follow up to our 5 August 2013 letter and a final response concerning your
31 July 2013 Freedom of Information Act (FOIA) request, submitted on behalf of Klayman Law
Firm, for all records pertaining to the following:

1. **Any and all communications with the Douglas County, Colorado District Attorney's Office that refer or relate in any way to Mr. Davis and/or Mr. Maes.**
2. **Any and all information that refers or relates to any and all communications with the Douglas County, Colorado District Attorney's Office regarding Mr. Davis and/or Mr. Maes.**
3. **Any and all information that refers or relates to any communication with the Douglas County, Colorado District Attorney's Office regarding any lawsuits between Mr. Davis and Mr. Maes and/or any other litigation involving Mr. Davis and/or Mr. Maes.**
4. **Any and all information that refers or relates in any way to information released to and/or made available to the Douglas County, Colorado District Attorney's Office.**
5. **Any and all information that refers or relates to government agencies deciding to investigate Mr. Davis, including, but not limited to, any investigation of Mr. Davis conducted in his capacity as an agent for the CIA.**
6. **Any and all communications with civil court and/or the judge in the civil matter regarding Mr. Maes and/or Mr. Davis in a case styled Jeffery Maes, et al. v Raymond Allen Davis (Case Number 2011CV2953).**

We have completed a thorough review of your request and have determined in accordance
with section 3.6(a) of Executive Order 13526, the CIA can neither confirm nor deny the existence
or nonexistence of records responsive to your request.  The fact of the existence or nonexistence of
requested records is currently and properly classified and is intelligence sources and methods
information that is protected from disclosure by section 6 of the CIA Act of 1949, as amended, and
section 102A(i)(l) of the National Security Act of 1947, as amended.  Therefore, your request is
denied pursuant to FOIA exemptions (b)(1) and (b)(3).  I have enclosed an explanation of these
exemptions for your reference and retention.

## Explanation of Exemptions

**Freedom of Information Act:**

(b)(1) exempts from disclosure information currently and properly classified, pursuant to an
  Executive Order;

(b)(2) exempts from disclosure information which pertains solely to the internal personnel rules
  and practices of the Agency;

(b)(3) exempts from disclosure information that another federal statute protects, provided that the
  other federal statute either requires that the matters be withheld, or establishes particular
  criteria for withholding or refers to particular types of matters to be withheld.  The (b)(3)
  statutes upon which the CIA relies include, but are not limited to, the CIA Act of 1949;

(b)(4) exempts from disclosure trade secrets and commercial or financial information that is
  obtained from a person and that is privileged or confidential;

(b)(5) exempts from disclosure inter-and intra-agency memoranda or letters that would not be
  available by law to a party other than an agency in litigation with the agency;

(b)(6) exempts from disclosure information from personnel and medical files and similar files the
  disclosure of which would constitute a clearly unwarranted invasion of privacy;

(b)(7) exempts from disclosure information compiled for law enforcement purposes to the extent
  that the production of the information (A) could reasonably be expected to interfere with
  enforcement proceedings; (B) would deprive a person of a  right to a fair trial or an
  impartial adjudication; (C) could reasonably be expected to constitute  an unwarranted
  invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a
  confidential source or, in the case of information compiled by a criminal law enforcement
  authority in the course of a criminal investigation or by an agency conducting a lawful
  national security intelligence investigation, information furnished by a confidential source ;
  (E) would disclose techniques and procedures for law enforcement investigations or
  prosecutions if such disclosure could reasonably be expected to risk circumvention of the
  law; or (F) could reasonably be expected to endanger any individual's life or physical
  safety;

(b)(8) exempts from disclosure information contained in reports or related to examination,
  operating, or condition reports prepared by, or on behalf of, or for use  of an agency
  responsible for regulating or supervising financial institutions; and

(b)(9) exempts from disclosure geological and geophysical information and data, including maps,
  concerning wells.

**April 2012**

Exhibit 3

# Klayman Law Firm

2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811 ⊗   Telephone: (310) 595-0800 ⊗   leklayman@gmail.com

Via U.S. Mail

February 6, 2014

Agency Release Panel
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Re: Freedom Of Information Act Appeal - Request No. F2013-02319

To whom it may concern:

The attached letter of December 23, 2013, which we have just received, is being appealed herein, with full reservation of all rights to file suit forthwith. The grounds for this appeal are as follows:

This office sought the following documents under the Freedom of Information Act ("FOIA"):

"(1) Any and all communications with the Douglas County, Colorado District Attorney's Office that refer or relate in any way to Mr. Davis and/or Mr. Maes;  (2) Any and all information that refers or relates to any and all communications with the Douglas County, Colorado District Attorney's Office regarding Mr. Davis and/or Mr. Maes;  (3) Any and all information that refers or relates to any communications with the Douglas County, Colorado District Attorney's Office regarding any lawsuits between Mr. Davis and Mr. Maes and/or any other litigation involving Mr. Davis and/or Mr. Maes;  (4) Any and all information that refers or relates in any way to information released to and/or made available to the Douglas County, Colorado District Attorney's Office; (5) Any and all information that refers or relates to government agencies deciding to investigate Mr. Davis, including, but not limited to, any investigations of Mr. Davis conducted in his capacity as an agent for the CIA; (6) Any and all communications with the civil court and/or the judge in the civil matter regarding Mr. Maes and/or Mr. Davis in a case styled Jeffrey Maes, et al. v. Raymond Allen Davis (Case Number 2011CV2953). "

On December 23, 2013, the Central Intelligence Agency responded that they could "neither confirm nor deny the existence or nonexistence of requested records is currently and properly classified and is intelligence sources and methods information that is protected from disclosure by section 6 of the CIA Act of 1949, as amended and section 102A(i)(1) of the National Security Act of 1947, as amended."

The CIA effectively claimed a national security exemption for an altercation at an Einstein Bros. bagel store.  We are thus appealing the decision of the CIA as there is no plausible way in which this altercation is a matter of national security, and no exemptions should have been granted.

Central Intelligence Agency
February 6, 2014
Page 2

If we do not receive an affirmative response to this appeal by close of business on Friday, February 21, 2014, with a commitment to expedite production of the requested documents and information by close of business on March 14, 2014, and grant a fee waiver, we will be forced to file suit forthwith, as time is of the essence.

Thank you for your cooperation.

Sincerely,

Larry Klayman