UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LARRY KLAYMAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 14-00472 RDM |
| CENTRAL INTELLIGENCE AGENCY, | ) | |
| Defendant. | ) | |

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is a Freedom of Information Act ("FOIA") case that concerns a request made to defendant, the Central Intelligence Agency ("CIA"), for records relating to Raymond Allen Davis.  Plaintiff asserts that Davis was an agent of the CIA.  The CIA responded by refusing to confirm or deny the existence of such records, a so-called Glomar response.  See  Phillippi v. CIA, 546 F.2d 1009, 1011 (D.C. Cir. 1976).

Plaintiff makes two arguments.  First, that he is seeking communications between the CIA and the District Attorney for Douglas County, Colorado, and/or the district court in Colorado before which plaintiff's client has a civil action seeking damages from Davis for injuries resulting from  the latter's assault on the client at a bagel shop at Highlands Ranch, Colorado.  This argument is properly

characterized as asserting that the CIA has waived a <u>Glomar</u> response by officially acknowledging its relationship with Davis.  A second argument appears to be that the CIA should not be allowed to assert a <u>Glomar</u> response because the information is sought for use a civil case, a use that does not implicate national security concerns.  <u>See</u> memorandum in opposition to defendant's motion for summary judgment, ECF No. 20, at 1-2 ("None of these communications are capable of being classified or confidential and the claimed exemption must be rejected, both because these communications must necessarily have been disclosed to the third parties and because the subject matter itself is incapable of being classified, a national security secret, or intelligence sources and methods information." [Emphasis in original deleted.]).

We do not address further the argument that the information sought by plaintiff should not be deemed classified because it is being sought for use in a civil action that does not implicate national security issues.  No authority is cited for this proposition, and there is none.

The CIA asserted <u>Glomar</u> because the mere confirmation or denial of the existence of the responsive records sought by plaintiff would reveal a classified fact – namely, whether the CIA has or had a covert relationship with Mr. Davis.  <u>See</u> Exhibit A to the memorandum in support of the motion for summary judgment, the Lutz Declaration, ¶ 10.  As explained in the Lutz declaration, the CIA

must use the Glomar response consistently in all cases where the existence or non-existence of records responsive to a FOIA request is a classified fact:

> If the CIA were to invoke a Glomar response only when it actually possessed responsive records, the Glomar response would be interpreted as an admission that responsive records exist.  This practice would reveal the very information that the CIA must protect in the interest of national security.

Lutz Declaration, ¶ 16

To overcome the assertion of the Glomar response in this case, the FOIA requester must first demonstrate that the CIA has officially acknowledged that it had or has a relationship with Davis.  "[A] strict test applies to claims of official disclosure."  Moore v. Central Intelligence Agency, 666 F.3d 1330, 1333 (D.C. Cir. 2011).  The Court next described this strict test:

> To be officially disclosed: "(1) the information requested must be as specific as the information previously released; (2) the information requested must match the information previously disclosed; and (3) the information must already have been made public through an official and documented disclosure."  [Citation omitted.]  Thus, "a plaintiff asserting a claim of prior disclosure must bear the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld."  [Citation omitted.]

Id.

The Court in Moore further observed:

> Additionally, to the extent Moore suggests that the release of the Report *by the FBI* constitutes an official

3

> acknowledgment *by the CIA*, his argument is foreclosed by our precedent. "[W]e do not deem 'official' a disclosure made by someone other than the agency from which the information is being sought." [Citation omitted.] Thus, 'only the CIA can waive its right to assert an exemption to the FOIA.' [Citation omitted.]

Id. at note 4.

In an apparent effort to establish that the CIA has officially disclosed its relationship with Davis, plaintiff attaches seven exhibits to his memorandum in opposition, none of which support his position. Exhibits 1 through 3 are plaintiff's FOIA request, the CIA's Glomar response, and plaintiff's appeal of that denial. Other than plaintiff's ipse dixit statements that the CIA has disclosed its relationship with Davis to Colorado officials, there is nothing in these exhibits to support a finding of official acknowledgement. Exhibit 4 is a newspaper article captioned "Arrested US official Raymond Davis is actually CIA contractor." For support, the article quotes "former and current US officials, who spoke on condition of anonymity because they weren't authorized to talk publicly about the incident." The CIA is alleged in this article to have asked the "AP and several other media outlets to hold their stories as the U.S. tried to improve Davis' security situation." Exhibit 4 at 4. The article goes on, however, to quote another U.S. official: "'Davis is a protective officer, someone who provides security to US officials in Pakistan,' the US official said. 'Rumors to the contrary are simply wrong.'" Exhibit 4 at 5. At page 6 of this article, it is stated that Davis's wife

gave a local TV station, which posted it on its website, the name and number of a "CIA spokesperson" in Washington, D.C., but this was quickly removed from the website.  Id.

Exhibit 5 is a copy of the amended complaint in the case of plaintiff's client against Davis.  It does not address the CIA connection.  Exhibit 6 is an ABC News article on Davis.  It states that during a court hearing "an attorney for Davis revealed that after troubled experiences working for the CIA in Pakistan, Davis had become a firearms instructor often working in the Washington, D.C., area." Exhibit 6 at 2.  The article notes that "[t]he official U.S. government line – even reaching as high as President Obama – was that Davis was just a "diplomat" who believed he was being robbed and should have been released due to diplomatic immunity." Id. at 3 (emphasis in original).  The article then states that U.S. officials, who are unidentified, told ABC News that Davis was a CIA contractor. Id.  Exhibit 7 is a copy of Davis's plea agreement in the Colorado criminal case.  It does not address the issue of whether Davis was a CIA agent.

Plaintiff's memorandum in opposition includes the statement that "[t]he prosecutor initially denied communicating with the CIA and then it was revealed that the prosecutor had been communicating with the CIA." Memorandum in opposition at 7-8; see also 12, 13, 16, 17.  The repeated assertions in the memorandum that the CIA has communicated with the local District Attorney's

Office and/or the Judge in the civil case are without any citation to a declaration or other evidence that would support these conclusory assertions.

Even if plaintiff is correct that the postulated private conversations between the CIA and Colorado officials occurred, the substance of which he does not explain, such private conversations would not constitute public disclosure. See Judicial Watch, Inc. v. Department of Defense, 963 F.Supp.2d 6, 15-16 (D.D.C. 2013) (citing decisions by our Court of Appeals for the proposition that to meet the public disclosure requirement the specific information that the FOIA requester seeks must have been disclosed and preserved in a permanent public record). And even if the postulated conversations occurred, they would not have been "illegal," as asserted by plaintiff. See memorandum in opposition at 17. The authority that he cites for this proposition prohibits the CIA from conducting clandestine operations in the United States, but there is no suggestion anywhere that the postulated telephone conversations involved a clandestine operation within the United States.

Newspaper articles citing unnamed "U.S. officials" for the proposition that Davis was a CIA contractor -- and unsupported assertions in the memorandum in opposition that the CIA has communicated with local officials in Colorado – do not meet the strict test required before a Court can conclude that the CIA has officially

confirmed its relationship with Davis.  Indeed, the official statements cited in the newspapers are to the contrary.

Finally, plaintiff argues that this case is governed by <u>American Civil Liberties Union v. Central Intelligence Agency</u>, 710 F.3d 422 (D.C. Cir. 2013), which involved a FOIA request for information on unmanned drones used for targeted killings.  Such an argument is, in fact, foreclosed by that decision.  The Court there observed that it "had permitted agencies to give a <u>Glomar</u> response despite the prior disclosure of another, unrelated agency."  Because the disclosures in <u>American Civil Liberties Union</u> were made by the President and his counterterrorism advisor acting on the President's instruction, i.e., they were considered the "parent agency," such disclosures did not fall under <u>Moore</u> and related cases.  719 F.3d at 429 n. 7.

For the reasons stated above and in the memorandum is support of the motion for summary judgment, the motion should be granted.

                Respectfully submitted,

                VINCENT H. COHEN, JR., D.C. Bar #471489
                Acting United States Attorney
                for the District of Columbia

                DANIEL F. VAN HORN, D.C. Bar #924092
                Chief, Civil Division

BY:  /s/ *Fred E. Haynes*
FRED E. HAYNES, D.C. Bar #165654
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4110
Washington, D.C.  20530
202.252.2550
fred.haynes@usdoj.gov